(66 Misc. Rep. 592.)

WHITE v. WHITE.

(Supreme Court, Special Term, New York County.    March, 1910.)

DIVORCE (§ 143*)—REFERENCE—ADMISSIBILITY OF EVIDENCE.

    Where testimony in divorce was taken in another city before a referee selected by counsel without application to the court, the testimony is inadmissible.

    [Ed. Note.—For other cases, see Divorce, Cent. Dig. § 481; Dec. Dig. § 143.*]

    Action by Louisa B. White against Henry White for divorce.    On motion for judgment on report of referee.    Denied.

    See, also, 122 N. Y. Supp. 885.

    Wm. H. Hamilton, for plaintiff.

    Clarence J. Shearn, for defendant.

    McCALL, J.    An irregularity in proceeding is revealed by this record that forbids a confirmation of the referee's conclusions, and requires that the case be sent back, reopened, and the proof taken in regular way.    The specific act upon which plaintiff hopes to base a decree is alleged to have occurred in a city in the western part of the state, and the only evidence taken in regard thereto was of four witnesses who reside in that city.    The testimony was adduced before a referee residing in that city and under stipulation of counsel, in which the name of the referee was set out and was of counsel's selection, made without application to the court.    This proof so taken was embodied in the record taken before the referee appointed by the court, and constitutes part of the means upon which the referee based his conclusion and made his report.    The position taken by counsel for plaintiff, that such procedure is sanctioned by the law governing taking of depositions, and is regular and proper, cannot be sustained; and, while I am thoroughly satisfied that there is nothing suspicious in the method adopted, it nevertheless was clearly irregular and erroneous, and cannot for a moment receive the sanction of the court.

    The motion to confirm report is therefore denied, and the matter is sent back to the referee, with instructions to reopen the case, strike from the record the testimony taken before the referee named in the stipulation, and to give the plaintiff an opportunity to present her evidence in the regular and legal manner.

    Motion denied.